UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NYU LANGONE HOSPITALS,

Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF NEW YORK, INC.; AND OXFORD HEALTH PLANS (NY), INC.,

Defendants.

Case No. 24-cv-04803

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

---

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.  Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    a. Confidential Information also includes information that identifies any person and relates to (i) that person's past, present, or future physical or mental health or condition, (ii) the provision of health care, services, or supplies to that person, or (iii) the past, present, or future payment for the provision of health care to the person.

b. Confidential information also includes Protected Health Information (PHI) as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. *See* 45 C.F.R. § 160.103. A HIPAA Covered Entity may disclose PHI in the course of an administrative or judicial proceeding if certain "satisfactory assurances" are received. This Order provides the assurances that HIPAA requires. *See* 45 C.F.R. § 164.512(e)(1)(iv). In accordance with the HIPAA Privacy Rule, this Order allows for the use, disclosure, and receipt of a patient's PHI in the Parties' possession for the limited purpose of this arbitration, including during discovery or in hearings. In accordance with that Rule, the Order prohibits the Parties from using or disclosing PHI for any purpose other than this arbitration. 45 C.F.R. § 164.512(e)(1)(v)(A). The PHI disclosed under this Order—including all copies of that PHI—must be returned to the Party or Non-Party that produced it or will be securely destroyed at the conclusion of this arbitration. 45 C.F.R. § 164.512(e)(1)(v)(B). This Order is a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of HIPAA's Privacy Rule.

c. The parties recognize that it is not practicable to identify and contact all non-party patients whose names or privileged information may be contained in certain records. Accordingly, this Order expressly authorizes the parties and non-parties who receive discovery requests in this proceeding to disclose documents containing patients' PHI—including but not limited to information regarding mental health, alcohol/drug abuse, genetic information, or HIV/AIDS—inasmuch as the information is also privileged or confidential under federal or state law, provided that the producing Party shall mark all documents containing patients' PHI as Confidential pursuant to this Order. The Parties shall meet and confer regarding any proposed redactions of PHI, to the extent any such redactions are necessary.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. Counsel for any party may designate any document or information, in whole or in part,

as confidential – attorney's eyes only if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is so competitively sensitive that its disclosure could result in significant competitive or commercial disadvantage or other significant harm to the client or another person ("Confidential – Attorney's Eyes Only Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

    a. Without prior written permission from the designating party, materials designated as Confidential - Attorney's Eyes Only may not be disclosed to any person other than (1) undersigned counsel of record in this case and members of their law firms (and support staff and vendors who perform work tasks for outside counsel); (2) in-house counsel with responsibilities in connection with this arbitration and without day-to-day responsibility for managed care rate negotiations; (3) outside testifying or consulting experts or investigators, but only if they have executed the acknowledgement in Exhibit A; and (4) the Court (and clerical and support staff employed by the Court) in this litigation.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing

party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, Confidential Information or Confidential – Attorney's Eyes Only Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Confidential – Attorney's Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: August 9, 2024
      New York, NY

| | |
|---|---|
| *Joshua M. Zarcone (with permission)* | *Seth M. Cohen* |
| Andrew L. Zwerling | Seth M. Cohen |
| Joshua M. Zarcone | **Alston & Bird LLP** |
| **Garfunkel Wild, P.C.** | 90 Park Avenue |
| 111 Great Neck Road | New York, New York 10016 |
| Great Neck, New York 11021 | Tel: (212) 210-9400 |
| Tel: (516) 393 2200 | seth.cohen@alston.com |
| azwerling@garfunkelwild.com | |
| jzarcone@garfunkelwild.com | William H. Jordan (*pro hac vice*) |
| | Meredith Jones Kingsley (*pro hac vice*) |
| *Counsel for Plaintiff NYU Langone Hospitals* | Matthew L.J.D. Dowell (*pro hac vice*) |
| | **Alston & Bird LLP** |
| | 1201 West Peachtree Street |
| | Atlanta, GA 30309 |
| | Telephone: (404) 881-7000 |
| | Fax: (404) 881-7777 |
| | bill.jordan@alston.com |
| | meredith.kingsley@alston.com |
| | matt.dowell@alston.com |
| | |
| | *Attorneys for Defendants UnitedHealthcare Insurance Company, UnitedHealthcare of New York, Inc., and Oxford Health Plans (NY), Inc.* |

SO ORDERED
[signature], USDJ
8-28-24

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYU LANGONE HOSPITALS,<br><br>  Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF NEW YORK, INC.; AND OXFORD HEALTH PLANS (NY), INC.,<br><br>  Defendants. | Case No. 24-cv-04803<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20\_

_____    _____
Name (printed)                                          Signature

Signed in the presence of:

_____
(Attorney)